UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
BALMEKIE PARSARAM, RADHICA
PARSARAM, and KATHY DEVI
PARSARAM,

                  Plaintiffs,                  **ORDER & MEMORANDUM**
                                                                19-CV-4965 (RPK) (LB)

      v.

SPECIALIZED LOAN SERVICING LLC;
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE RELATING TO THE CHEVY
CHASE FUNDING LLC MORTGAGE
BACKED CERTIFICATES SERIES 2006;
JOHN DOE AND JANE DOE, (Said Names
Being Fictitious, it being the intention of the
plaintiffs to designate any and all Officers,
agents, persons, or corporations, if any,
having or claiming interests herein),

                  Defendants.
------------------------------------------------------x

       RACHEL P. KOVNER, United States District Judge:

       *Pro se* plaintiffs Balmekie Parsaram, Radhica Parsaram, and Kathy Devi Parsaram commenced this action on August 30, 2019 and amended their complaint on November 6, 2019. *See* Compl. (Dkt. #1), First Am. Compl. ("FAC") (Dkt. #4). Plaintiffs asserts claims under New York law against corporate entities that foreclosed on plaintiffs' home. *See* FAC 15-18 (Dkt. #4). On March 12, 2020, a motion to dismiss was filed by defendants Specialized Loan Servicing LLC and U.S. Bank National Association, as Trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates Series 2006 (collectively, "defendants"). *See* Mem. of L. in Supp. of Defs.' Mot. to Dismiss (Dkt. #8). One day later, I issued a scheduling order that directed plaintiffs to file their opposition to the motion to dismiss by April 13, 2020. *See* Mar. 13, 2020 Order. Plaintiffs missed that deadline. I then issued a second scheduling order on April 29, 2020,

1

that extended plaintiffs' deadline to file their opposition brief to May 13, 2020. *See* Apr. 29, 2020 Order. This second order warned plaintiffs that, if they once again did not meet the deadline, I "may grant defendants' motion as unopposed or may dismiss the case based on plaintiffs' failure to prosecute." *Ibid.* Plaintiffs still have not responded to defendants' motion to dismiss and have stalled this case for six months. For the reasons that follow, plaintiffs' claims are dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although the text of Rule 41(b) refers to a defendant's motion, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). Courts evaluating dismissal under Rule 41(b) must consider:

   (1) the duration of the plaintiff's failures,

   (2) whether the plaintiff had received notice that further delays would result in dismissal,

   (3) whether the defendant is likely to be prejudiced by further delay,

   (4) whether dismissal strikes a proper balance between alleviating court calendar congestion
       and protecting a party's right to due process and a fair chance to be heard, and

   (5) whether lesser sanctions would be sufficiently efficacious.

*Ibid.* (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

While dismissal is a "harsh remedy to be utilized only in extreme situations," *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time*

*Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Id.* at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five of the Rule 41(b) dismissal factors weigh in favor of dismissing plaintiffs' case without prejudice. I address each factor in turn.

*First*, the "duration" of the delay caused by plaintiffs has been unreasonable, *LeSane*, 239 F.3d at 209. Plaintiffs have not been in contact with the Court for over six months. During that time, plaintiffs have failed to respond to defendants' motion to dismiss and have ignored two court-ordered deadlines. Days or weeks of delay "typically do[] not warrant dismissal." *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). But courts have consistently found that delays in the range of six months counsel in favor of that outcome. *See, e.g.*, *Terry v. City of New York*, No. 20 Civ. 81 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (over six months of delay); *Morgan v. Does Nos. 1-3*, No. 18 Civ. 2571, (ER), 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (same); *Greene v. City of New York*, No. 19 Civ. 873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020); *Kent v. Scamardella*, No. 07 Civ. 844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e]

3

litigation forward"); *Chavis,* 2018 WL 6532865, at *3; *see also, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (upholding dismissal under Rule 41(b) when plaintiff caused a "significant" delay of more than seven months); *Lyell Theatre Corp.*, 682 F.2d at 42-43 (noting that "persistent late filings of court ordered papers . . . may warrant dismissal after merely a matter of months").

*Second*, plaintiffs have been provided notice that further delays could result in dismissal, *LeSane*, 239 F.3d at 209. My order on April 29, 2020 expressly warned plaintiffs that, if they failed to file their opposition brief, I "may grant defendants' motion [to dismiss] as unopposed or may dismiss the case based on plaintiffs' failure to prosecute." That order, as well as my prior scheduling order, was sent to plaintiffs at the mailing address that they gave the Court, and there is no indication that plaintiffs did not receive these communications. If for some reason plaintiffs did not receive actual notice of my orders either by mail or by email, responsibility for that miscommunication lies with them. *See, e.g.*, *Terry*, 2020 WL 5913409, at *2 (explaining that "it remained [plaintiff's] duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address"); *Chavis*, 2018 WL 6532865, at *4 (collecting cases).

*Third*, defendants are "likely to be prejudiced by further delay," *LeSane*, 239 F.3d at 209. Courts may presume such prejudice when, as here, plaintiffs have caused an "unreasonable delay." *Id.* at 210 (quotations omitted); *see, e.g.*, *Terry*, 2020 WL 5913409, at *2 (citation omitted).

*Fourth*, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard," *LeSane*, 239 F.3d at 209. The interest in alleviating docket congestion strongly favors closing a case that has stalled for six months due to plaintiffs' failure to comply with court orders. But "*pro se* plaintiffs should be granted special leniency regarding procedural matters" in the

context of Rule 41(b). *Ibid.* Dismissal without prejudice adequately balances those interests, by serving "the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order." *Thrall v. Cent. New York Reg'l Transp. Auth.,* 399 F. App'x 663, 666 (2d Cir. 2010); *see, e.g.*, *Reynel v. Barnhart*, No. 01 Civ. 6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's pro se status").

*Finally*, given plaintiffs' complete failure to respond to court orders over a lengthy period, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious, *LeSane*, 239 F.3d at 209.

## CONCLUSION

Plaintiffs' action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court is respectfully directed to terminate defendants' motion to dismiss, Doc. 8, and to close the case.

SO ORDERED.

                                          */s/ Rachel Kovner*
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated: October 21, 2020
       Brooklyn, New York